UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QWAME THOMAS, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANSCHUTZ ENTERTAINMENT GROUP, INC., THE BOWERY PRESENTS, LLC, and RACKET NYC,<br><br>Defendants. | Case No.: 24-CV-1595<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Qwame Thomas ("Mr. Thomas") by and through his attorneys, Danny Grace PLLC as and for his Complaint in this action against Defendants Anschutz Entertainment Group, Inc., The Bowery Presents, LLC, and Racket NYC. ("Defendants"), alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1.      This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§206 et. seq. ("FLSA"); and New York Labor Law, Article 6 §§ 190 et seq., ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and New York Labor Law, §195(3), New York Wage Theft Prevention Act ("NYWTPA"), to recover unpaid wages and damages resulting from Defendants' failure to pay wages, overtime wages, failure to pay spread of hours pay, and failure to provide wage statements to Plaintiff and the putative class and collective.

2.      This action is also for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress unethical and unlawful employment practices against Plaintiff and all similarly situated individuals in violation of the FLSA, NYLL, NYCRR, and the NYWTPA.

1

3. Plaintiff was an employee of Defendants Anschutz Entertainment Group, Inc., The Bowery Presents LLC, and Racket NYC.

4. Defendants Anschutz Entertainment Group, Inc., The Bowery Presents LLC, and Racket NYC, their subsidiaries and owners benefitted from the services of Plaintiff and all similarly situated individuals, without fully compensating them.

5. At all times relevant to this Complaint, Defendants maintain a policy and practice of failing to pay wages, failing to pay overtime wages, failing to pay 'spread of hours' wages, and failing to furnish wage statements, as required by federal and state law and regulations.

6. At all times relevant to this litigation, Defendants maintained a policy and engaged in the practice of withholding wages earned by Plaintiff and the members of the putative class and collective in violation of the FLSA, NYLL, and the NYCRR.

7. By reason of Defendants' failure to pay Plaintiff and members of the putative class and collective duly earned wages, Defendants are liable to Plaintiff and members of the putative class and collective for damages incurred as a result of the failure to pay all wages, plus accruing interest, liquidated damages, and attorney's fees, no part of which has been paid though duly demanded.

8. By reason of Defendants' failure to furnish wage statements to Plaintiff and members of the putative class and collective, Defendants are liable to Plaintiff and members of the putative class and collective for statutory damages.

9. Defendants' conduct was knowing, malicious, willful, and wanton, and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, including Plaintiff's severe mental anguish and distress.

10. Plaintiff has initiated this action on his own behalf, and on behalf of all similarly situated employees, seeking unpaid wages and benefits that he and all similarly situated employees were deprived of, plus interest, liquidated damages, attorney's fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1337 as this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.* ("FLSA").

12. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendants regularly transact business in the district and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

15. Plaintiff Qwame Thomas resides in the State of New York and began his employment with Defendants as a Production Assistant/Loader/Access Control in late March/early April 2023.

16. Defendant Anschutz Entertainment Group, Inc. ("AEG") is a foreign business corporation duly organized under and by virtue of the laws of the State of Colorado, and has its headquarters located at 800 W Olympic Blvd, Ste 305, Los Angeles, California 90015.

17. Defendant The Bowery Presents LLC ("Bowery") is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and has its headquarters located at 610 W 56th St, New York City, New York, 10019.

18. Defendant Racket NYC ("Racket") is a music venue located at 431 West 16th Street, New York, New York 10011.

19. Defendant AEG is the parent company of Defendant Bowery.

20. Defendant Bowery is the owner and operator of Racket.

21. Defendant Bowery managed, maintained, and controlled the subject premises: Racket.

22. Defendants constitute an integrated enterprise under the single employer liability theory.

23. The FLSA defines "employee" to include any person acting directly or indirectly in the interest of an employer in relation to an employee, and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, Defendants are liable as "employer" under the FLSA.

24. Upon information and belief, Defendants' annual gross volume of sales made, or business done, is more than $500,000.00, and further, during Plaintiff's employment with Defendants, he routinely engaged in activities which facilitated or were related to interstate commerce while on the job.

25. Upon information and belief, Defendants engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

26. At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

**FLSA COLLECTIVE ACTION AND Rule 23 CLASS ACTION ALLEGATIONS**

27. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

28. Plaintiff's collective claims arising under federal law are brought on behalf of himself and a collective consisting of individuals who currently or formerly worked for Defendants ("FLSA Collective" or "Putative Collective").

29. At all relevant times, Plaintiff and other members of the FLSA collective action and class action under Rule 23 were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay the Plaintiff the required wages for work under the FLSA.

30. The claims of Plaintiff stated herein are similar to those of the other employees.

31. Plaintiff's class claims arising under New York state law are brought on behalf of himself and a class consisting of individuals who currently or formerly worked for Defendants within the state of New York for a period of six (6) years prior to filing this Complaint ("Rule 23 Class" or "Putative Class").

32. Plaintiff and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA and NYLL by failing to pay its Employees/Providers for all hours worked pursuant to the FLSA and NYLL.

33. Defendants had a policy and practice of failing to pay their Employees for all hours worked, which has resulted in Plaintiff and members of the putative class and collective not earning minimum wages under FLSA and NYLL.

34. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

35. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. The questions of law and fact include but are not limited to: (1) whether Defendants failed to pay Plaintiff and putative class members for all hours worked; (2) whether Defendants failed to pay Plaintiff and putative class members overtime pay; (3) whether Defendants failed to pay Plaintiff and putative class members 'spread of hours' pay; (4) whether Defendants provided Plaintiff and the putative class members with wage statements.

36. The claims of Plaintiff are typical of the claims of the putative class members. Plaintiff, like all members of the putative class, was subject to Defendants' policies and willful practice of refusing to pay employees for all hours worked. Thus, Plaintiff and putative class members have sustained similar injuries as a result of Defendants' actions.

37. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy over unpaid wages. A class action will prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' common policies.

**FACTUAL ALLEGATIONS**

39. Plaintiff began his employment with Defendants as a Production Assistant/Loader/Access Control in late March/early April 2023.

40. At the time of his hiring, Plaintiff's pay rate was to be $25.50 when working access control/security; and $27.50 when working as Production Assistant/Loader.

41. Plaintiff and the members of the putative class and collective are employees at Defendants' live music venue, Racket and all other music venues owned and operated by AEG and Bowery.

42. Plaintiff did not receive a paycheck from Defendants for a period of seven to nine weeks following the commencement of his employment.

43. On a weekly basis, Plaintiff requested payment of the wages owed by Defendants to him.

44. During that period of seven to nine weeks, Defendant gave Plaintiff $700 in cash to cover the unpaid wages, which was to be paid back upon the receipt of his first paycheck.

45. When Plaintiff finally received his first paycheck, it only represented the difference between the $700 and what he was rightfully owed in wages.

46. During the course of his employment with Defendants, Plaintiff was not provided with a wage statement.

47. Throughout his employment Plaintiff was not given access to the company onboarding system containing his wage statements and therefore did not receive any wage statements from Defendants during the course of his employment.

48. Plaintiff requested access to the onboarding system each week he was employed by Defendants but was not provided access.

49. During the entirety of his employment, the services of Plaintiff and members of putative class and collective were an integral part of Defendants' business.

50. During the entirety of his employment, Plaintiff's duties included, but were not limited to, assisting with production, loading equipment for performances, and access control/security.

51. Throughout Plaintiff's employment, Defendants retained the absolute right to control and direct Plaintiff's job duties and the manner in which Plaintiff performed his services. Defendants also retained complete authority to evaluate Plaintiff's performance.

52. Defendants have the authority to hire or terminate Plaintiff's employment.

53. During the entirety of his employment, Plaintiff has had no authority to delegate work and projects to others. Defendants retained the final say in deciding who worked on what and when.

54. Throughout Plaintiff's employment, Defendants would communicate to Plaintiff what work should be done and evaluate Plaintiff's work.

55. At all relevant times, Plaintiff did not have any independent opportunity for profit or loss, nor did he have any investment in Defendants' business.

56. Like Plaintiff, members of the putative class and collective worked for Defendants as employees and Defendants benefited from their services as employees.

57. Plaintiff worked each week for Defendants from Monday through Saturday, for a minimum of forty (40) hours per week.

58. Defendants intentionally violated the FLSA, NYLL and 12 NYCRR §146.1.6 and refused to pay Plaintiff wages, overtime pay, and 'spread of hours' pay.

59. As a non-exhaustive example, on April 1, 2023, Plaintiff worked for ten hours, but was only paid for 7.50 hours.

60. On April 6, 2023, Plaintiff worked for 8.15 hours, but was only paid for 6.50 hours.

61. On April 8, 2023, Plaintiff worked for 14.5 hours, but was only paid for 12.0 hours.

62. During the week of April 2 – April 8, 2023, Plaintiff worked nine to fourteen hours a day and on the days he worked in excess of ten hours he did not receive spread of hour pay.

63. During the week of April 2 – April 8, 2023, Plaintiff worked in excess of forty hours and was not paid overtime duly owed.

64. During the week of April 2 – April 8, 2023, Plaintiff was told to deduct an hour from his time each day for no stated reason.

65. During the week of April 2 – April 8, 2023, Plaintiff was not paid 'spread of hours' pay for any day he worked in excess of ten hours.

66. Like Plaintiff, members of the putative class and collective were treated in the same fashion and not paid wages, overtime pay, and 'spread of hours' pay.

67. While employed by Defendants, Plaintiff was not exempt under the FLSA and NYLL. Plaintiff and members of the putative class and collective were entitled to overtime pay.

68. Defendants did not provide Plaintiff with overtime pay when he worked in excess of forty (40) hours per week.

69. Like Plaintiff, members of the putative class and collective did not receive overtime pay and were subject to the same pay practices.

70. While employed by Defendants, Plaintiff and members of the putative class and collective were entitled to 'spread of hours' pay any time they worked in excess of ten (10) hours per day.

71. Defendants did not provide Plaintiff with 'spread of hours' pay when he worked in excess of ten (10) hours per day.

72. Like Plaintiff, members of the putative class and collective did not receive 'spread of hours' pay and were subject to the same pay practices.

73. Employment with Defendants is Plaintiff's only source of income and thus failure to pay him what he is owed has resulted in undue hardship to Plaintiff.

74. Not only was Defendants' conduct unlawful, but it has also caused, and continues to cause Plaintiff and members of the putative class and collective significant economic damages.

75. This Complaint ensues.

## FIRST CAUSE OF ACTION
### (Violations of the FLSA)

76. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

77. Plaintiff's employment was controlled and directed by Defendants; the services rendered by Plaintiff were and are an integral part of Defendants' business.

78. For the entirety of his employment, Plaintiff's work schedule and hours were made by Defendants. Defendants control the manner of Plaintiff's performance.

79. The economic realities of Plaintiff and Defendants' relationship is such that Plaintiff is dependent on Defendants for employment and Plaintiff provides services as an employee.

80. At all relevant times, Defendants failed to pay Plaintiff and members of the putative class for all hours that they worked in violation of FLSA §785.33.

81. At all relevant times, Defendants failed to pay Plaintiff and members of the putative class the minimum wage as required by law.

82. At all relevant times, Defendants failed to pay Plaintiff and members of the putative class overtime payments when their weekly working hours exceeded forty (40) hours.

83. Defendants' failure to pay Plaintiff and members of the putative collective their rightfully owed compensation was willful.

84. As a direct and proximate result of Defendants' unlawful conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer severe economic damage, mental anguish and emotional distress, including, but not limited to, depression, and injury, for which he is entitled to an award of monetary damages, penalties, liquidated damages, attorney's fees, and other relief.

85. For the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Failure to Pay Wages in Violation of NYLL)

86. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

87. At all relevant times, Plaintiff and members of the putative class are employees as defined by NYLL; Defendants are an employer as defined by NYLL.

88. The hourly rate that Plaintiff, members of the putative class and Defendants agreed upon constitutes "wages" within the meaning of NYLL §§ 190 and 191.

89. Pursuant to NYLL §191, Plaintiff and members of the putative class are entitled to be paid all of their wages "not later than seven days after the end of the week in which the wages are earned."

90. Defendants failed to pay Plaintiff and members of the putative class for services rendered in contravention of NYLL, which expressly requires all employers to pay their workers within appropriate time frames.

91. At all relevant times, Defendants failed to provide Plaintiff and members of the putative class with allotted meal breaks.

92. In failing to pay Plaintiff and members of the putative class their agreed upon wage for each hour worked, Defendants violated NYLL §§ 190, 191, and 198.

93. By withholding wages, including overtime pay, Defendants made unlawful deductions in wages owed to Plaintiff and members of the putative class.

94. Upon information and belief, Defendants' failure to pay Plaintiff and members of the putative class for all wages earned was willful and not in good faith. For the foregoing reasons, Defendants have violated NYLL § 190, et seq. and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
**(Failure to Pay "spread of hours" wages in Violation of 12 NYCRR §146.4.6 and NYLL)**

95. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

96. At all relevant times, Plaintiff and members of the putative class are employees in a restaurant.

97. At all relevant times, Plaintiff and members of the putative class are not exempt employees.

98. On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate.

99. The additional hour of pay is not a payment for time worked or work performed and need not be included in the regular rate for the purpose of calculating overtime pay.

100. At all relevant times, Plaintiff and members of the putative class worked more than ten hours per day, exclusive of meals and intervals off duty.

101. At all relevant times, Defendants failed to provide Plaintiff and members of the putative class with "spread of hours" wages in violation of 12 NYCRR §146.4.6 and NYLL.

## FOURTH CAUSE OF ACTION
### (Failure to Furnish Wage Statements in Violation of the Wage Theft Prevention Act)

102. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

103. At all relevant times, Plaintiff and the members of the putative class were employed by Defendants within the meaning of NYLL §§2 and 651.

104. Defendants willfully violated Plaintiff and the putative class's rights by failing to provide wage statements as required by the Wage Theft Prevention Act (NYLL §195(3)). Due to Defendants' New York Labor Law violations relating to the failure to provide wage statements, Plaintiff and the putative class are entitled to recover from Defendants statutory damages of up to $250 per day, per employee, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The Court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate (NYLL §198 1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for himself and on behalf of the putative class and collective, prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. An award declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and New York State Labor Law by failing to pay Plaintiff earned wages and failing to provide wage statements;

B. An award of damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. An award of damages to Plaintiff and the members of putative class and collective for unpaid wages and reimbursement in an amount to be proven at trial;

D. An award of compensatory damages for Plaintiff's mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven at trial;

E. An award of Plaintiff's attorney's fees, costs, and expenses incurred in the prosecution of this action; and

F. An award of liquidated damages, pursuant to the FLSA, NYLL, NYCRR in an amount to be determined at trial.

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: March 1, 2024
     New York, New York                       Respectfully submitted,

                    DANNY GRACE PLLC
*ATTORNEYS FOR PLAINTIFF*
225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
(212) 202-2485

_____
DANIEL GRACE
DOUGLAS MACE