# DANNY GRACE, P.C.
ATTORNEYS AND COUNSELORS AT LAW

Writer's email: Douglas@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern, Eastern and Northern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***Qwame Thomas v. Anschutz Entertainment Group, Inc., et al.,***
    24-cv-1595

Dear Judge Schofield:

Danny Grace PLLC (the "Firm") represents Plaintiff Qwame Thomas ("Plaintiff") in the above-referenced action. Hogan Lovells US LLP represents Defendants Anschutz Entertainment Group, Inc. ("AEG"), The Bowery Presents LLC ("Bowery") and Webo, LLC, doing business as Webo's Racket, LLC, and erroneously sued as Racket NYC ("Webo") (collectively "Defendants") from filing of the Complaint [ECF Document #1] until execution of the Settlement Agreement (the "Agreement"). Following an agreement to settle the matter in its entirety, Plaintiff submits the attached Agreement and this letter in support of the settlement of the case. Plaintiff requests that the Agreement be approved by the Court.

Should the Court approve the settlement agreement, the dismissal order shall incorporate the settlement agreement and provide that the Court will retain jurisdiction over any question or dispute arising out of or pursuant to the settlement agreement, including enforcement of the settlement agreement due to non-payment.

## I.   INTRODUCTION

Plaintiff sought to recover unpaid wages owed to him, and allegedly withheld without legal cause or jurisdiction, and sought action for declaratory, injunctive, and equitable relief, as well as monetary damage, to redress Defendants' alleged unlawful employment practices against the Plaintiff. Plaintiff brought the action in his individual capacity and behalf of a putative class of non-exempt employees employed by Defendants during the putative class period.  Defendant Webo has not yet been served with the complaint and  has not yet filed an answer in this action. Defendants AEG and Bowery have not yet answered the complaint but have filed a pre-motion to dismiss letter to the Court.

On June 17, 2024, the parties participated in court-mandated mediation. The mediation session was successful, and the matter was resolved on that date, and the parties executed a settlement agreement reflecting the terms of the settlement, attached as Exhibit A.

## II. THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE UNDER *CHEEKS* AND *WOLINKSY*

The Agreement provides for the settlement of all of Plaintiff's individual contractual and FLSA claims in exchange for a payment of $18,000.00. Of these funds, $11,587.50 corresponds to alleged contractual damages any other damages as a result of the alleged FLSA, NYLL, and NYCRR violations, and $6412.50 corresponds to attorney's fees and costs to be paid to Danny Grace PLLC.

When parties privately settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). To warrant such approval, the parties must satisfy the court that their agreement is "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including, but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). Factors that weigh against approving a settlement include: (1) the presence of other employees situated similarly to the claimant, (2) a likelihood that the claimant's circumstances will recur, (3) a history of FLSA non-compliance by the employer or others in the same industry or geographic region, and (5) the desirability of a mature record and appoint determination of the governing factual or legal issues to further develop the law. *Id.* at 336 (internal citations omitted).

### A. Plaintiff's Range of Possible Recovery Supports Settlement Approval

While Defendants disputed liability in this matter, the funds given to Plaintiff under the settlement are in order to secure an early-stage resolution of the dispute and in light of the following extent of liability for alleged violations of the FLSA, the NYLL, and NYCRR, which include: (1) failure to pay Plaintiff timely; (2) failure to account for all of the hours which he worked; (3) failure to pay overtime; (4) failure to pay spread-of-hours pay; (5) failure to pay Plaintiff the hourly rates to which he was entitled; and (6) failure to provide Plaintiff with wage notices.

The range of Plaintiff's possible recovery is severely impacted by multiple factors and defenses asserted by Defendants. First, Plaintiff worked for a total of three (3) months from April 2, 2023 to June 23, 2023, which limits the time period and potential for recovery. Second, Defendants assert, and intend to file a motion to dismiss on the grounds that, as a matter of law, Plaintiff is ineligible for spread of hours pay under the NYCRR. Third, Defendants assert that

Plaintiff was timely and fully paid all wages due, which is corroborated by contemporaneous time and pay records. Lastly, Defendants assert that even if Plaintiff prevailed on each and every single one of his claims, given the length of Plaintiff's employment, hours Plaintiff actually worked for Defendants, and Plaintiff's rate of pay, Plaintiff's total recovery would be less than the amount this matter is being resolved for.

Based on the above considerations, the parties reached a negotiated resolution of this matter.

**This weighs in favor of approval.**

### B. Plaintiff's Avoidance of the Burden to Establish His Respective Claims Supports Settlement Approval

The settlement amount is reasonable in light of the considerable risk Plaintiff faces in securing an outcome that is better than or even equal to the Agreement. Specifically, Defendants have and will argue defenses including:

- Plaintiff's wage payments were timely, especially given Plaintiff admits that he received "cash to cover" wages for the brief period in which Plaintiff was not onboarded onto Defendant's timekeeping system;
- Plaintiff was paid all wages due and Plaintiff did not work "off-the-clock," which is supported by both time and pay records; and
- Plaintiff does not qualify for "spread of hours" wages under 12 N.Y.C.R.R. §§142-2.4, 142-2.18

**In light of the significant litigation risks Plaintiff faces, the Agreement's terms weigh heavily in favor of approving this Settlement as fair and reasonable.**

### C. Resolution of the Action at This Stage of the Litigation and on the Basis of Arm's-Length Bargaining Between Counsel Supports Settlement Approval

The parties' proposed Agreement is the product of arm's-length bargaining between experienced counsel and is absent of any fraud or collusion. The Agreement was reached after multiple conferences of counsel, the sharing of documents and applicable case law, and after the parties attended mediation with an experienced mediator in the Court-annexed Mediation Program. The Agreement avoids the unnecessary costs and difficulties of further litigation. Additional discovery and/or motion practice is unlikely to provide any additional detail useful to the parties because all available time and pay records have been provided. **This weighs in favor of approval.**

### D. Review of the Negative Wolinsky Factors Supports Settlement Approval

A review of the Negative Wolinksy Factors weighs heavily in favor of approving this Settlement as fair and reasonable. Defendants have provided Plaintiff with information sufficient for Plaintiff to conclude that he faces substantial risk of failure to prove his causes of action. As such, further discovery would likely prove futile. The parties are therefore not aware of any reason why a more "mature record" would need to be developed in this action. Moreover, Plaintiff faces

issues establishing any commonality with other employees when considering that over ninety percent of the putative class executed arbitration agreements agreeing to assert all employment disputes on an individual basis through arbitration, and Plaintiff is one of only seven employees that did not sign an arbitration agreement. In addition, Plaintiff's claims regarding alleged "off-the-clock" work arise out of facts and circumstances unique to Plaintiff, namely, Plaintiff's difficulty in properly onboarding onto Defendant Webo's timekeeping system.

### E. Plaintiff's Counsel's Request for Attorneys' Fees Is Reasonable and Supports Settlement Approval

The Firm is requesting attorneys' fees equaling $6,000 and $412.50 of costs representing the filing fees ($405.00) and Pacer fees ($7.50) of this action. This amount constitutes one-third of the total award to Plaintiff pursuant to a negotiated retainer agreement. One-third of recovery is considered well within normal parameters for attorney fees in litigation. The Firm has worked a total of approximately 35.41hours on this matter as of the date of this submission. The hours reported are reasonable and were compiled from contemporaneous time records maintained by this Firm. The Firm ordinarily and regularly bills legal time on an hourly fee basis at the Firm's attorney rate. The Firm's Managing Attorney rate is $550 an hour. The following chart summaries the time spent on this matter:

| INDIVIDUAL, POSITION | HOURLY RATE | TOTAL HOURS | FEES |
|---|---|---|---|
| Douglas Mace<br>Managing Attorney | $550 | 35.41 | **$19,675.00** |
| | | **TOTAL FEES** | **$19,675.00** |

Given the time and resources invested into this matter, and the exceptional result on behalf of the Plaintiff, the Court should approve Counsel's fees of $6,000.00 plus $412.50 fees—which falls well below the total billable amount—as it is fair and reasonable.

Finally, The Ottinger Firm will receive one-third of any recovery of attorney's fees by Plaintiff's counsel for its participation and co-counsel. The Ottinger Firm has its New York office at 79 Madison Avenue, New York, NY 10016.

### III. CONCLUSION

The parties, therefore, jointly submit this request that this Court approve the proposed Settlement Agreement as fair and reasonable pursuant to the standards of this Court and the Circuit under which this Court sits.

*   *   *

**Exhibits**

**Exhibit A** – Settlement Agreement.

Dated: July 12, 2024

New York, New York

                                                    Respectfully submitted,

                                          By: _____/s/_____
                                                 Douglas Mace, Esq.
                                                 Danny Grace PLLC
                                                 225 Broadway, Suite 1200
                                                 New York, NY 10007
                                                 (212) 202-2485

                                               *Attorneys for Plaintiff Qwame Thomas*